CALVIN WRIGHT, plaintiff below, *vs.* STEPHEN JACOBS, defendant below.—*IN ERROR.*

The plaintiff, in an action on a negotiable promissory note, averred to be lost, is not a competent witness to prove the loss, with a view to the introduction of secondary proof of its contents.

*Quere,* if an action can be sustained on a negotiable instrument, without producing the instrument on trial, or common law proof of its *destruction* and contents.

ERROR, to reverse a judgment of Washington county court, rendered at their September term, 1825.

The plaintiff in the Court below, declared against the defendant, on two promissory notes, made payable to him or order, averring in his declaration, that the notes were lost.　There was also a count for money *had and received.*

Plea, 1. The general issue.　2. *Non assumpsit infra sex annos*; to which last plea, the plaintiff replied, that the cause of action did accrue *within six years*, &c. and issue joined to the country.

On the trial, the counsel for the plaintiff offered the plaintiff's affidavit, in evidence to the Court, to prove the loss of the notes declared upon, and also the testimony of one *A. Loomis*, to prove the existence and execution thereof, for the purpose of laying a foundation for the introduction of secondary proof of their contents.　The affidavit and testimony were rejected by the Court, and a verdict passed for the defendant.

The errors assigned in this writ, were

1. The refusal of the county court to admit the affidavit of the plaintiff, to prove the loss of the notes declared upon.

2. The rejection of the testimony of *A. Loomis.*

3. *The common error.*

Here the counsel inquired, if the Court would hear an argument upon the first question presented by the record, since the decision at Burlington ?*

*Penfield*
*vs.*
*Cook.*
*ante 96.*

By the Court.　Though that was a case of a *lost bond*, the Court were not unanimous in the opinion there given, and will not now refuse to hear.

*Upham*, for the plaintiff in error, insisted,　1. That the first error was well assigned.　Evidence of the loss of a written instrument, so as to lay a foundation for the introduction of inferior proof of its execution and contents, is adduced solely to the judge, who is to determine exclusively, without the intervention of a jury, whether it is sufficient to authorize the admission of secondary evidence, and in this and in similar cases, the rules in relation to testimony to a jury, do not apply ; but the judge may admit the evidence of an interested witness, or even of the party to the cause, to prove the loss of the note or deed.----16 *Johns. R.* 193----*Peake's Ev.* 40, 98, 154 *n.*----*Phil. Ev.* 356, *n. b.*

In *Forbes* vs. *Wale*, (1 *Bl.R.* 532----1 *Wms. Abr.* 162) the issue was *non est factum*, in a suit on a bond.　It became necessary to prove, that the subscribing witnesses were dead, and the plaintiff himself was examined as a witness to that point, and as preparatory to the proof of the hand-writing.

In *Brown* et al. vs. *Messita*, (*Maule and Selwyn*, 281) the bill of exchange was stolen from the pocket of the attorney, and he could not find it; the Court upon the production of the copy verified by the oath of the plaintiff's attorney, referred it to the master, to see what was due for the principal and interest.

In *Douglass* vs. *Saunderson*, (2 *Dalls.* 116) the Court held, that the plaintiff was a good witness to prove the death of the subscribing witness, in order to let in evidence of the hand-writing.

In *Chamberlain* vs. *Gorham*, (20 *Johns. R.* 144) the Court held, that a party in interest may be a witness to prove to the Court the loss of the note or instrument, upon which the suit is brought, in order to introduce *parol* proof to the *jury*, of the contents of such note or instrument.

In *Kensington* vs. *Inglish*, 8 *East*, 273----3 *D. & E.*, 151----*Esp. R.* 337----*N. York Cases, in error*, 27----3 *Term. R.* 151 the same doctrine is established.

2. The affidavit clearly makes out the loss of the notes. All the law requires, is, that the loss be made out with reasonable certainty.

In *Kensington* vs. *Inglish*, before cited, the witness recollected that an application had been made to him, for the paper, and that he made search for it among his papers, but he did not recollect whether upon such search he found it, though he did not think that he found it. The Court held, that this evidence satisfied the law, in respect of search, and established with reasonable certainty, the fact of the loss.

In *Jackson* vs. *Frier*, (16 *Johns. R.* 193) the Court said, that diligent search and inquiry was sufficient to answer the law.

In *Jackson* vs. *Naley* (10 *Johns. R.* 374) the same principle is recognized.

In *Jones* vs. *Fales*, (5 *Mass. R.* 101) the court held, that the testimony of a person to whose care a paper has been entrusted, that he had made search and could not find it, is evidence of its loss.

3. We insist that the county court erred, in excluding the testimony of *A. Loomis.*

In *Jones* vs. *Fales*, before cited, the court held, that parol evidence was admissible, to prove the contents of promissory notes which were lost.----*Taunton & South Boston Turnpike Company* vs. *Whitney*, supports the same doctrine.---See also, 16 *Johns.* 193----8 *East*, 273----*Peake's Ev.* 154----10 *Mass.* 327----11 *Mass.* 282.

4. If the plaintiff cannot recover in this action, he is remediless. Chancery will give no relief upon a *lost note.* If a bond be lost, relief will be given in equity; but not upon a *lost note*, and the reason is, that at law, the party could not recover without a profert, and giving over of the bond.----1 *Mad. Ch.* 22----3 *Ves.* 238---16 *Ves.* 432----2 *Ves.* 41----5 *Ves.* 238----*v* 1 *Ves.* 393, 341.

The Court declined hearing the counsel on the other side, and

*Washington, February, 1826.*

*Wright vs. Jacobs.*

Washington,
February,
1826.

Their opinion was delivered by

Wright
vs.
Jacobs.

SKINNER, Ch. J.   The first question presented in this case was fully considered in the case of *Penfield* vs. *Cook*, and the principle was there settled, that the party in a suit cannot testify to the loss of an instrument, or paper, upon which the action is founded.   That was the case of a bond, or specialty, but the principle which governed the decision in that case, must apply with equal force to the present.   Indeed, this being the case of a negotiable note, made payable to the plaintiff, *or bearer*, according to the law, as it is now understood, and settled in England ; 'nothing short of proof of the *destruction* of the note, would at law avail the party.----3 *Com. Law R.* 55--6--7---ib. 443--4.

On the question as to the admission of the testimony of *Loomis*, to show the existence and contents of the notes, there could be no doubt such testimony might have been proper ; and under different circumstances, could not have been rejected.   If this testimony had been offered in connexion with other *legal* testimony, tending to prove the destruction of the notes, the Court no doubt ought, and probably would, have admitted it ; but when the Court were advised of the object of offering it, and that it was only to be aided by the testimony of the party himself, which could not be received, it would not only have been useless, and occupied the time of the Court to no purpose, but would have been irrelevant ; in as much as standing alone, it would prove nothing material in the case.

Judgment of county court affirmed.

*Wm. Upham*, for the plaintiff in error.

*Timothy Merrill*, for the defendant in error.