\ JOSHUA LAZELL *v.* JOHN LAZELL.

In a case where it appeared that a note had been given for the balance due on the sale of land,which note the payee had lost, it was held that a recovery might be had on a count founded upon the original indebtedness, it not appearing that the note was negotiable, or, if negotiable, that it had been negotiated.

The recital in a deed that the grantor has received the full consideration is not conclusive against him, and he may be let in to show, upon a declaration, founded on the indebtedness arising from the sale of the land, that payment was made by the grantee's note, which has been lost.

ASSUMPSIT, in four counts. The first count was upon a promissory note for thirty five dollars, given by the defendant, payable to the plaintiff or order, on demand,with interest annually, dated Nov. 23, 1834. The second count was upon a note for thirty dollars, given by the defendant, payable to the plaintiff on demand, dated September 23, 1834. The third count was for money had and received, and the fourth for lands and tenements sold and conveyed by the plaintiff to the defendant.

The defendant pleaded *non assumpsit*, and a plea in offset for ninety dollars, money had and received by the plaintiff to the defendant's use.

The cause was, by order of the county court and by consent of the parties, referred to the determination of Asa Aikens, Thomas Cleveland and Daniel Aikens, under a special rule that they should decide upon legal principles, and report the facts and all questions of law raised by either party, that the court might revise their decision.

The referees afterwards reported, that, upon the trial before them, the plaintiff introduced evidence tending to show the existence of such note as is described in his declaration, and offered his own affidavit, showing the loss of it, to lay the foundation for introducing parol evidence of its contents; that the plaintiff also introduced witnesses whose testimony tended to show that, on or about the twenty first day of September, 1834, the defendant gave a note to the plaintiff for thirty five dollars, dated on or about the same twenty first day of September, 1834, in part payment for certain lands then deeded by the plaintiff to the defendant ; that the plaintiff afterwards lost the note, and that the defendant was often requested, after the note became due, to pay it, but had not paid it ; that there was no testimony to show the precise date of the note, the time when it was made payable, whether it was payable to bearer or order, or with or without interest ; that several witnesses were introduced by the defendant to impeach the general character of several of the plaintiff's witnesses, and the plaintiff called other witnesses to sustain the general character of the witnesses so impeached ; that the defendant introduced testimony, under his plea in offset, tending to show several sums of money of the defendant in the hands of the plaintiff, and the plaintiff introduced testimony tending to prove the contrary thereof ; that, from all the testimony, the referees found the following facts, viz.

On or about the twenty first day of September, 1834, the defendant, in consideration of certain lands at the same time sold and conveyed to him, by the plaintiff, executed his note of hand for the sum of thirty five dollars and delivered it to the plaintiff. The plaintiff afterwards lost the note out of his possession, and has never found it. In the month of January, 1835, the note being then due, the plaintiff demanded payment of the note, and the defendant refused, and has ever since refused to pay it.

The referees further found, that the defendant was not en-

titled to recover any thing on his plea in offset, and that the plaintiff was entitled to recover against the defendant the sum of $43,42, being the amount of said note and the interest thereon; but whether upon either, or which of the counts in the declaration, the referees did not decide, but referred the matter to the consideration and judgment of the county court.

Upon the coming in of this report, the counsel for the defendant filed their affidavit, setting forth, that, on the hearing of the cause before the referees, the defendant introduced, as evidence, a deed from the plaintiff to the defendant of certain lands, and insisted that the recital in the deed, acknowledging the receipt of the consideration money, estopped the plaintiff from recovering upon the count for land sold, it appearing that this deed conveyed the same land for which the plaintiff attempted to recover payment in part; that the defendant objected to the plaintiff's affidavit, offered to prove the loss of the note; that there was no testimony to show the existence or loss of the note, other than the plaintiff's affidavit, except that of three witnesses, who were thoroughly impeached; that the defendant insisted that the plaintiff's testimony, even if believed, did not, legally, support any count in the declaration; that the defendant, urged the referees to report particularly, the facts and evidence, upon which questions of law were raised, and the questions of law that were raised before the referees, agreeably to the rule of reference. The defendant also filed a copy of the deed, mentioned in said affidavit, the consideration of which was five hundred dollars. The deed was in the common form, containing the usual recitals and covenants of seizin and warranty.

The defendant then excepted to the report of the referees, because they had omitted to report the facts and questions of law set forth in the above affidavit.

It also appeared, from the affidavit of Asa Aikens, one of the referees, that they decided that the plaintiff's affidavit was inadmissible to prove the loss of the note; that, in the original draft of the report, their decision was so stated, and that, in copying the draft, that part of it, which contained their decision relating to said affidavit, was, by mistake, omitted. The said original draft was also produced, which show-

ed that the decision of said referees was, upon that point, as stated in said Aikens' affidavit.

Upon the hearing in the county court, the court found, from said report and the affidavits of the defendant's counsel, and Asa Aikens, and said deed and exhibits, that the defendant did object to the reading of the plaintiff's affidavit before the referees, to prove the loss of the note therein referred to, and that the referees excluded it; that the land conveyed by the plaintiff to the defendant, by the deed aforesaid, is the same land alluded to in said report, for which the note in question was given in part payment, and that the defendant urged before said referees the question of law relating thereto, mentioned in the affidavit of the defendant's counsel. But the court inferred, from said report, that the referees believed the testimony of one or each of the several witnesses introduced by the plaintiff, notwithstanding the impeaching testimony, or had other testimony satisfactory to them of the existence and loss of the note, and accepted said report and rendered a judgment thereon for the amount of the note and interest set forth in said report.

The defendant excepted to the decision and judgment of the county court.

*T. Hutchinson* and *A. Tracy*, for defendant.

I.    It was error for the county court to accept any report of the referees, which did not state, specifically, all the questions of law urged before the referees and the grounds upon which they were urged. The referees had no power, but from from the rule of the court, which described the terms of the reference, and when they failed to conform to that rule, their proceedings and decisions were void. Their report was so imperfect and omitted so many of the material facts and questions of law that the defendant was compelled to show, by affidavit, many of the material facts and questions of law upon which he relied. For these omissions, we insist that the report should be set aside, that the cause may be again referred or tried by a jury. The finding, by the county court, of the facts and questions of law, omitted in the report, entitle us to a reversal of the judgment below.

The affidavit of Asa Aikens, one of the referees, should not have been received as a part of their report. *Wellman* v. *Bulkley*, 6 Vt. R. 302.

II. The facts reported are not sufficient to entitle the plaintiff to recover.

1. The acknowledgment, in the deed, of the receipt of the consideration, ought not to be shaken by parol testimony. It estops the plaintiff from recovering upon the fourth count.

2. The finding, by the referees, that the defendant gave a note to the plaintiff for $35, which had been lost, and not paid, does not entitle the plaintiff to recover upon either count in the declaration. To recover upon either count on the note, the proof should show such a note as the counts describe. The facts reported by the referees do not sustain these counts, as they do not show the date of the note, whether payable to order or bearer, whether with or without interest, nor the time of payment.

To recover under the third count, the plaintiff should show money actually in the defendant's hands, or such facts as would raise a presumption that the property received had been converted into money by the -defendant. *Burnap* v. *Partridge*, 3 Vt. R. 144, 146. Anthon's N. P. 81, 119. 2 Stark. Ev. 302.

The referees do not find that the note expressed a value received. If the report shows that the note was given for a valuable consideration, it shows that consideration to have been in land. The report lays no foundation for presuming that the land has become money in the defendant's hands, and if it did, this court could not presume the fact. It should have been found by the referees. *Tuttle* v. *Mayo*, 7 Johns. 132.

III. Secondary evidence ought not to have been received by the referees to prove the note, even if lost. The plaintiff should have shown that the note was not negotiable, or that it had been destroyed.

In the first count, the note is described as payable to order, and it should have been produced, or proved to have been destroyed, otherwise the defendant might be liable to be again sued by some indorsee. *Wright* v. *Jacobs*, 1 Aik. R. 304. 3 Com. Law R. 55, 56. *Rowley* v. *Ball*, 3 Cowen, 303. 1 Johns. 34. 15 Johns. 247. 2 Ph. Ev. 11. 2 Camp. R. 211. 6 Vt. R. 461.

*J. Converse and O. P. Chandler*, for plaintiff.

I. The recital in the deed is no bar to a recovery for the land sold to the defendant. It is *prima facie* evidence,

merely, of payment and may be explained by parol testimony. Showing that the consideration was paid in a promissory note does not contradict the recital. 3 Stark. Ev. 1002, note 1. *Raymond* v. *Roberts*, 2 Aik. 207. *Wilkinson* v. *Scott*, 17 Mass. 257. *Bowen* v. *Bell*, 20 Johns. 338.

II. In regard to the finding of the existence of the note upon the evidence alleged to have been impeached, we say ; 1. That it was not competent for the court below to reverse the judgment of the referees upon the weight of evidence merely.

2. That the finding, by the court, that the referees "believed one or all the witnesses, or had other testimony sufficient," is conclusive.

In regard to the last point, we say, that, though the description of the note, declared upon, was not fully established by the proof, yet we may recover on either of the general counts.

Having proved the existence and loss of the note we are entitled to recover unless it appear : 1. to have been negotiable ; for otherwise it is certainly no discharge of the original cause of action ; and this must be made to appear affirmatively by the defendant. *Pintard* v. *Tuckerman*, 10 Johns. 104. *McNair* v. *Gilbert*, 3 Wend. 344. And 2. Unless the defendant show, affirmatively, that the note was either payable to bearer, or that it had been in fact negotiated. Here the finding of the referees is, that the note remained in plaintiff's possession, to whom it was first made payable, until it was lost out of his possession. 10 Johns. 104, above cited. 3 Wendell, 344, above cited. 13 Com. Law R. 430. Chitty on Bills. 293.

The opinion of the court was delivered by

BENNETT, J.—It does not appear, from the report itself, that the affidavit of the plaintiff was admitted in evidence to prove the loss of the note. It is not so stated in the affidavit of the defendant's counsel, and the affidavit of the chairman of the reference expressly states, that it was rejected. The court below, then, were fully justified in finding the fact of its rejection, and it would indeed have been strange if that court had, upon the application of the defendant, set aside the report, simply on the ground that the referees had omitted to report their decision as to the admissibility of the

affidavit of the party, when that decision was in his favor.

The report finds that the note was given for lands sold and conveyed to the defendant, at the same time the note was given, and also the loss of the note, a demand of payment after it became due, and a refusal by the defendant. The referees are the sole triers of the facts, and their finding must be conclusive upon the parties. The law is well settled, that, when a note *not negotiable*, or if *negotiable* by being payable to order, not *negotiated*, is lost, an action at law may be maintained on the note, on proof of its loss, to recover its contents.

If the note is shown to have been *negotiable* and actually *negotiated*, and the evidence shows merely the loss of the paper, and not its destruction, the plaintiff's remedy is in chancery, where the court will require the party to give the maker a sufficient indemnity against the outstanding paper, before they grant him relief. If the note or bill is payable to A. B. or bearer, or to the bearer, and it is lost, the remedy in such case must also, probably, be in chancery, since the legal title to such paper passes by delivery. See Bayley on Bills 413, 414, and notes. Chitty on Bills, 293. *Pintard* v. *Tackington.* 10 Johns. R. 104. *McNair* v. *Gilbert,* 3 Wend. 344. *Welsford* v. *Watson,* 4 Bingham's R. 273. *Rowley* v. *Ball,* 3 Cowen's R. 303. *Kirby* v. *Sisson,* 2 Wend. R. 550, The referees report that no evidence was given tending to prove whether the note was payable to order or bearer, or not. In *Pintard* v. *Tackington* it did not appear whether the note was negotiable or not, and the plaintiff was permitted to recover at law. The same principle is sustained by the case of *McNair* v. *Gilbert.*

These cases proceed upon the ground, that it must, *affirmatively*, be made to appear that the paper was *negotiable* and had been in fact *negotiated*, or else payable to bearer, so as to pass by delivery in order to defeat a recovery at law, in the case of a loss of the instrument. If, in the absence of any proof, we were to hold that the note was to be considered *negotiable by intendment*, in the first instance, yet, it would be going too far to *intend* it was payable to bearer, or that it had been in fact negotiated by the payee, prior to its loss. It is said the plaintiff cannot recover on the note, either on the first or second count in his declaration

on the ground of variance. Suppose it be so, what good reason can be shown why he may not recover on the fourth count? Though, perhaps, the better opinion may be that the acceptance of *negotiable* paper, on account of a prior debt, is, *prima facie, a satisfaction*, and that no recovery can be had on the original indebtedness, yet, this is to be taken as an extinguishment of the original indebtedness, only *sub modo*, and is not to be extended to a case, in which the note is lost, or destroyed. But, in this case, the note was not given on account of a prior existing debt, and was not shown to have been negotiable ; and if that was to be the intendment, still, I think the plaintiff has given a sufficient account of the note, to prevent its operating as a merger of the original indebtedness. *Holmes et al.* v. *D'Camp*, 1 Johns. R. 34. *Pintard* v. *Tackington*, 10 Johns. R. 104. It is said the recitals in the deed, by which the plaintiff admitted he had received full satisfaction for the land sold to the defendant, should preclude a recovery on this count ; but these recitals are but *prima facie* evidence of the payment of the consideration, and are subject to explanation. *Beach* v. *Packard*, 10 Vt. R. 96. The referees were the judges of the weight of this testimony, and they have found that the note in question was given towards the land.

We then think, without giving any opinion as to the plaintiff's right to recover on the money counts, that he may recover on his fourth count and the judgment of the county court is affirmed.