## EDWARD HOPKINS *v.* SHEPHERD ADAMS AND SAMUEL L. ARMINGTON.

### IN CHANCERY.

When a promissory note, not negotiable, or not negotiated, is lost, all that is necessary, in order to give a court of chancery jurisdiction to afford relief by a decree of payment, is a bill for discovery, alleging a defect of proof at law, by reason of the loss of the note, with a prayer for relief, and an affidavit of the loss. The offer of indemnity, in the bill, is not necessary, unless in case of a note negotiated.

And where, in such case, the orator made no offer of indemnity in his bill, and refused to give indemnity, but there was something suspicious about the account he gave of the loss of the note, and the defendants resisted payment of the note mainly on the ground that they were entitled to indemnity before payment, but did not, at the commencement of the suit, pay the money into court and move for an indemnity, and it appeared, that the note, at the time of hearing, had been outstanding long enough to be barred by the statute of limitations, the court decreed, that payment should be made, without indemnity, and that costs should be taxed for neither party.

APPEAL from the court of chancery. The orator alleged in his bill, in substance, that March 30, 1840, he loaned to the defendants $131,00, for which they executed to him a negotiable promissory note, payable on demand with interest; that about the first of July, 1840, he lost the note, and had never seen it since; that within a few weeks afterwards he informed the defendants of the loss, and requested them to execute to him another note of the same tenor,— which they declined doing, although the orator offered to discharge the lost note in full; that he repeated the same request at other times, and especially on the 16th of July, 1842, when he also tendered to the defendants a receipt in full for the note; that the note had never been presented to the defendants by any one, since its loss, and no one had claimed to be the owner of the note, except the orator; and the orator annexed to the bill an affidavit, that the note was destroy- ed by certain persons in his presence, and stating the circumstances. And the orator prayed, that the defendants might answer the prem- ises, and be decreed to pay to him the amount due upon the note. The subpœna was dated October 27, 1842.

The defendants answered, admitting the borrowing of the money and the execution of the note, as alleged in the bill, and that they were informed, in the fall of 1840, that the orator said he had lost the note, and that they had since been told the same by the orator but averring, that they had no knowledge of its loss, and were never informed of its destruction, until after July, 1843, when the orator filed his amended bill, setting forth a copy of his affidavit to that effect. And the defendants alleged, that they had repeatedly offered to execute to the orator a new note, of the some tenor with the old note, to be left with some suitable person and paid by these defend- ants, whenever the statute of limitations should run against the old note, provided the old note did not previously come against them; and that they had repeatedly offered to pay the money to the orator, provided he would give them a sufficient bond of indemnity for so doing; but that the orator had ever declined acceding to either of said offers. And the defendants offered now to pay the note, as the court should direct, upon being sufficiently indemnified therefor.

The answer was traversed, except as to the fact that the defend- ants had offered to pay the note, upon receiving a good and sufficient bond of indemnity therefor. Testimony was taken, proving demand

of payment by the orator, and the offer, by the defendants, to pay, or give a new note, as alleged in the answer.

The court of chancery, September Adjourned Term, 1845,— HEBARD, Chancellor,—decreed, that the defendants pay to the clerk of the court the amount of the note and interest, after deducting their costs, and that the orator, or any person authorized by him, might, upon depositing a sufficient bond of indemnity with the clerk, for the use of the defendants, receive from the clerk the money so deposited; and that, in default of such bond being furnished, the defendants might receive back the money. From this decree the orator appealed.

*C. French* for orator.

The orator insists, that the length of time which elapsed, after notice was given to the defendants of the loss of the note and before this suit was commenced, affords a legal presumption of the loss or destruction of the note; and that its collection could not have been enforced, even in the hands of a *bona fide* holder, against the makers, holding the payee's receipt for the same. *Swift* v. *Stevens,* 8 Conn. 431. 1 Har. Dig. 161, 162, Tit. Assumpsit, citing 6 D. & R. 455; 4 B. & C. 330; 2 C. & P. 11, 176; 1 C. & P. 163, 487; 5 D. & R. 324; 3 B. & C. 460; 11 Moore 286; 4 M. & P. 470; 6 Bing. 677. No title to the note could have passed by mere delivery, nor could the finder acquire any interest in it, without indorsement; no suit could be maintained, but in the name of the orator, and subject, of course, to all equitable and legal offsets.

The loss of an instrument, with the usual affidavit, gives a right to relief,—as, upon a bond, to a decree of payment,—so of a deed; and its destruction need not be otherwise proved. *Swift* v. *Stevens,* 8 Conn. 431. Chit. on Bills 286. 2 Ves. 461. 9 Ves. 343. Bayl. on Bills 517.

A recovery for a lost note can be had at law, even, if it do not appear *affirmatively,* that the note was negotiable, and had been in fact negotiated, or was payable to bearer, so as to pass by delivery. *Lazell* v. *Lazell,* 12 Vt. 443.

*P. T. Washburn* and *R. Washburn* for defendants.

1. The court of chancery have no jurisdiction over the bill, there being no *offer of indemnity* contained in it. 1 Story's Eq. 103.

1 Ves. 344, 446.   2 Ib. 38.   16 Ib. 430.   7 Ib. 19–21.   4 Price
176.   Chit. on Bills 289.   Coop. Eq. Pl. 130.   7 B. & C. 90.
9 Ves. 468.

2.  The orator has not proved the *loss* of the note; and therefore
the bill must be dismissed.  The only office, or competency, of the
orator's *affidavit* is, to give the court of chancery *prima facie* juris-
diction; it is not of itself evidence.  Ld. Eldon, in 9 Ves. 466.
1 Aik. 96, 304.   1 Story's Eq. 104.   In the case at bar, the loss is
not admitted by the answer, nor is there any evidence tending, even,
to prove it.

3.  Still, if any decree can be made in the case, which will fully
protect the defendants, they are ready to pay the money, the court
decreeing, that they may deduct their expenses therefrom.   And
this is in strict accordance with the rule of Lord Eldon; who says,
—9 Ves. 466,—" If it were a simple case between A. and B., the
*indemnity* would follow of course ; and the creditor must indemnify
him [the defendant] against all the expense.   11 Vt. 290.

The opinion of the court was delivered by
 * Redfield, J.   This is a bill to obtain relief, as well as discovery,
in regard to a negotiable promissory note, alleged to have been lost
when over due, and not indorsed ; annexing to the bill an affidavit
of loss, but no indemnity being tendered to the defendants, either be-
fore or at the time of bringing the bill, the plaintiff insisting all the
time that none is necessary, though he offered a release of the note.
The defendants have answered the bill, testimony has been taken,
the case has been heard in the court of chancery, and a decree en-
tered for the orator, requiring him to give an indemnity, and to pay
the defendants' costs.   The case has been argued in this court
mainly, on the part of defendants, upon the ground, that the juris-
diction of the court of chancery, in cases like the present, depends
exclusively upon the offer, in the bill, of an indemnity to the defend-
ants, and that, while the orator resists *this, he is not* entitled to a
decree.

Mr. Justice Story (1 Eq. Jur. p. 103) seems to lay down the
rule in the very terms contended for by the defendants' counsel.
" In such a case, (that of a lost instrument,) a court of equity will
entertain a bill for relief and payment, upon an offer in the bill to

give a proper indemnity, under the direction of the court, *and not without.*" And he farther says, that "such an offer founds a just jurisdiction;" citing for the two last propositions, *Walmsley* v. *Child,* 1 Ves. 344, 345; *Teresy* v. *Gorey,* Finch 301. He also cites *Glynn* v. *Bank of England,* 2 Ves. 38; *Mossop* v. *Eadon,* 16 Ves. 430, 434; *Bromley* v. *Holland,* 16 Ves. 19–21; *Davies* v. *Dodd,* 4 Price 176.

Upon the slightest examination of these cases, it is apparent, that they establish no such proposition, as that cited from the text. All, except the first, seem to have no bearing whatever upon the point. *Teresy* v. *Gorey,* as reported by Lord HARDWICKE in *Walmsley* v. *Child,* is only the case of a bill of exchange properly negotiated, and where, by the custom of merchants, no holder is entitled to require payment, until he surrenders the bill; and if it be lost, he cannot do this, and of course can maintain no action whatever at law. So that the only remedy in such case is in equity, and an indemnity should, no doubt, be required in all cases of that character. This is precisely the rule laid down in *Hansard* v. *Robinson,* 7 B & C. 901, [14 E. C. L. 20,] where it was held, that upon such a bill no action at law could be maintained, although the bill was lost when over due. The same rule has been adopted in this state. *Lazell* v. *Lazell,* 12 Vt. 443. In *Glynn* v. *The Bank of England* Lord HARDWICKE does make an incidental remark to the effect, that one is not ordinarily entitled to come into a court of equity for *relief* on a *lost note,* but that he may come for a *discovery,* and then must seek his relief at law. But the case is decided altogether upon the ground of defect of proof, that the testator had the notes in his possession at the time of his decease, (the bill being for the benefit of the estate.) *Mossop* v. *Eadon* is the case of a bill cut in halves, and one part only lost. In such a case, I understand, there has never been any difficulty in recovering at law, even where the bill or note is strictly negotiable, and had been negotiated. This case was tried by the master of the rolls, who seemed to suppose, as almost all the elementary writers upon the subject do, that *Walmsley* v. *Child* had settled the law, that the court of chancery had no jurisdiction in the case of a lost note to grant relief, except where an indemnity was necessary. *Bromley* v. *Holland* is upon a totally different subject, that is, whether a court of equity will sustain a bill

to decree the surrender of an impeached bill, or note, to be cancelled. The decision is in favor of the jurisdiction. The subject of equity jurisdiction in regard to lost instruments is introduced in the opinion *arguendo*, merely to illustrate the subject in hand. The case of *Davies* v. *Dodd* is a mere *dictum*, at most. In that case the only indemnity tendered was the bond of the plaintiff, and he confessedly irresponsible. Still, the jurisdiction was entertained, and the case referred to the deputy remembrancer to determine upon the sufficiency of the indemnity offered, and, if any other were requisite, what was sufficient.

There certainly does seem to be a good deal of confusion with chancellors and elementary writers, in stating precisely the grounds of equity jurisdiction upon this subject. But the cases all show, that the courts continue to retain the jurisdiction in all cases brought before them, and afford relief in every case where the proof is sufficient. This is a settled point. The only confusion is in shaping the basis of the jurisdiction, so that it shall not appear to be an usurpation of the appropriate functions of a court of law. Under such circumstances it might argue inexcusable presumption, to attempt to put the matter in a clear light. But it seems to me, that the efforts, which have been made to follow the rule laid down by Lord HARDWICKE in *Walmsley* v. *Child,* have led to most of the confusion upon the subject. And a fanciful effort, apparent in almost all elementary writers upon all subjects, to reduce their subject to a few simple general propositions, and then make all the cases bend to those principles, has made all the rest.

And first, in regard to the case of *Walmsley* v. *Child.* Mr. Justice STORY says, (Eq. Jur. p. 100, in note,) " The passage is singularly obscure, and of difficult interpretation; and I have not been able to satisfy my mind, what Lord HARDWICKE's real doctrine was, or what were the three cases to which he alluded." The three cases of Lord HARDWICKE are very apparent to us. 1. "If the deed, or instrument, concede the title of land, and possession prayed to be established." 2. "Another case is of a personal demand, where loss of a bond, a bill in equity on that loss, to be paid the demand." 3. "Another case, in which you may come into this court on a loss, is, to pray satisfaction and payment of it upon terms of giving security." But this case is put mainly upon the ground

of the want of an affidavit of the loss accompanying the bill.   Lord HARDWICKE, more than once, says, that such an affidavit is indispensable to the jurisdiction.   The same course of reasoning is pursued in *Whitfield* v. *Faussat*, 1 Ves. 387.   In *Walmsley* v. *Child* there was neither an affidavit of loss, nor offer of indemnity ; but the affidavit is no doubt indispensable.   Without that, the whole proceeding may be a mere contrivance to change the jurisdiction, while the plaintiff all the while has his note in his pocket.   With this safeguard, there seems to me to be no difficulty in maintaining the jurisdiction, upon grounds well recognized in courts of equity.

It is obvious, there will be two classes of cases, where a court of equity will be called upon to interfere in the case of lost instruments ; perhaps three.   1. The holder or loser of such instruments will apply for a decree of payment.   2. If the loser choose to proceed at law, the maker may apply to a court of equity to decree him a suitable indemnity.   3. The loser may apply to a court of equity for a discovery, merely, in aid of a court of law.

In regard to the first case, so far as relates to promissory notes *not negotiable*, or not *negotiated*, where the loser may sue at law, the principal ground of the jurisdiction must be the necessity of a discovery and the accident, by which that, which the parties have constituted their contract, has become incapable of performing its destined office.   A court of equity will grant relief in all cases of accident, or mistake, where one party has thereby put it out of his power to obtain what it was intended he should enjoy.   So, too, according to the English equity practice before the time of Lord THURLOW, and which has been adopted as the standing rule of practice in this country, the plaintiff may, in every case of a bill for discovery, pray relief if he choose ; and if, upon obtaining the discovery, the case seems to be one, not specially requiring to be heard in a court of law, for the purpose of a jury trial, or some other, then the court of equity will, in their discretion, proceed and determine the case.   In practice, in this country, the case is almost uniformly determined in the court of equity, when once carried there, even for a discovery.   And for this purpose, all that seems necessary to us, to found a jurisdiction for relief, is a bill for discovery, alleging a defect of proof at law, by reason of the loss of the note, with a prayer for relief, and an affidavit of the loss.   The offer of indemnity seems to

be a matter, in which the defendant is solely interested, and not to form-any just basis of an equity jurisdiction on the part of the plaintiff, unless it is wholly to oust the legal forum,—which it has not yet done, except in the case of paper negotiated. The indemnity is a matter, in which it seems to us safe to suffer the defendant to move.

2. If the bill is brought by the defendant to restrain the loser of the note from proceeding at law until he give the maker indemnity, then, indeed, the necessity for indemnity is the *sole ground of the jurisdiction.* The case *will,* in this view, turn exclusively upon the question of the defendants' being entitled to indemnity. If that point is made out, the case will be finished in the court of equity; if not, the bill will be dismissed. But that the plaintiff's case should be made to rest, *for its jurisdiction,* upon offering an indemnity to the defendant, which he may or may not be entitled to, is certainly not consistent with our views of sound chancery law.

3. If the party seek a discovery merely, he is not required to make affidavit of the loss. And when he seeks relief also, and omits to make affidavit of the loss upon filing the bill, he may, no doubt, amend in this particular; and if the defendant omit to demur, but answer admitting the loss, the want of an affidavit is no ground of dismissing the bill. *Findlay* v. *Hinde,* 1 Pet. R. 241–244. *Livingston* v. *Livingston,* 4 Johns. Ch. R. 294. 1 Daniell's Ch. Pr. 449, 450, and notes, Perkins' Ed.

But in the present case there is an affidavit; and we think there is not now, the claim being barred by the statute of limitations, if there ever was, any necessity of an indemnity to the defendant. The decree of the chancellor must be reversed, and a decree for the plaintiff without indemnity and without costs. We deny costs to the plaintiff, because there was something in the account which he gave of the loss, calculated to excite apprehension, that his story might be somewhat apocryphal. Had the defendants come into court and moved for an indemnity to be allowed them in the first instance, and deposited the money, subject to the order of the court, we should have allowed them costs up to that time, and since that time, unless made by their own needless resistance to a proper decree.