###### FOR THE

## COUNTY OF WINDSOR.

#### July Adjourned Term, 1848.

---

##### PRESENT,

Hon. STEPHEN ROYCE, Chief Judge,
Hon. ISAAC F. REDFIELD, ⎫
Hon. HILAND HALL, ⎬ Assistant Judges.
Hon. CHARLES DAVIS, ⎭

---

## Alonzo B. Hough v. Asa S. Barton.

When a promissory note becomes the property of one not a party to it, and this is known to the maker, and the holder commences an action upon the note in the name of the payee, the maker cannot give in evidence admissions made by the payee subsequent to the commencement of the suit.

Where the holder of a promissory note transferred it for a valuable consideration, and without any express contract of warranty, or guaranty, and the purchaser commenced an action upon the note, in the name of the payee, and the maker, on trial, conceded his original and continued indebtedness upon the note, it was held, that the vendor was a competent witness for the plaintiff.

The owner of a lost note, not negotiable, may recover its amount, upon proving its execution, delivery and terms, and its loss, without proof of its destruction ; —and this recovery may be had upon a count for money had and received.

The fact, that the name of the payee of a note was indorsed upon it, at the time it was lost, does not prove, that the note was negotiable.

Hough v. Barton.

INDEBITATUS ASSUMPSIT for money had and received. Plea, the general issue, and trial by jury, November Term, 1846,—KELLOGG, J., presiding.

On trial the plaintiff gave evidence tending to prove, that in the autumn of the year 1837 the defendant executed and delivered to the plaintiff a promissory note for $150,00, payable in two years from date, and that the note was subsequently conveyed by the plaintiff to one Francis Kidder, and by Kidder to Robert Barker; and it was conceded, that the note was, at the time of the commencement of this suit, the property of Barker, and that this suit was commenced by Barker, in the name of Hough, by Hough's consent, and for Barker's benefit. The plaintiff offered in evidence the deposition of Francis Kidder, to prove his ownership of the note, and its loss, and the transfer of his interest in it to Barker. The defendant objected to the admission of this deposition, on the ground, that it appeared by it, that the note was not to become the property of Barker, unless he discharged a claim for indemnity from Kidder, for having become bail in a certain suit, which he held against Kidder, and that it did not appear, that this condition had been complied with. The plaintiff then introduced evidence, without objection, tending to prove that this condition had been complied with; and thereupon the court admitted the deposition. The plaintiff also introduced other evidence, tending to prove the loss of the note, and that it had been lost for nearly six years; and he was then allowed to give secondary evidence of its contents.

The defendant conceded, that he was indebted upon the note, as claimed by the plaintiff, and that he had never paid the same; and it did not appear, that any person, except Barker and those under whom he claims, had ever called upon the defendant for payment of the note; and it did appear, that the note was lost when it was over due. The defendant claimed, that the note was negotiable, and that it was negotiated by blank indorsement, before it became due; and to prove this, he offered to prove admissions, made by Hough since the commencement of this suit. To the admission of this evidence the plaintiff objected; and it was excluded by the court. Evidence was given, tending to prove that the name of Hough was written across the back of the note, at the time it was conveyed to Kidder;

Hough *v.* Barton.

and the defendant claimed, that the plaintiff was not entitled to recover, without having proved the actual destruction of the note.

The court instructed the jury, that the fact, that Hough's name was written across the back of the note, was not conclusive evidence, that the note was negotiable,—as Hough might, if the note were not negotiable, have written his name there as guarantor, or with the intention of assuming some other liability upon the note; but that they must weigh that fact, in connection with the other evidence in the case; and that, if they found, from all the evidence, that the note was in fact a negotiable note, and was in fact negotiated, the plaintiff was not entitled to recover, unless he proved, that the note was actually destroyed; but that, if the note were not negotiable, and were in fact lost, the plaintiff was entitled to recover.

Verdict for plaintiff, for the amount due upon the note. Exceptions by defendant.

*S. Fullam* for defendant.

1. The court erred, in excluding the admissions of the plaintiff of record. The nominal party, when a suit is brought in his name by his consent, has an interest, at least, in not having a judgment rendered against him for costs; and it will be presumed, that he will not make an admission against his interest, unless the admission be true.

2. The deposition of Kidder was improperly admitted;—for if Barker fail to recover in this suit, he has a direct claim against Kidder for indemnity. Kidder was the vendor of the note, and cannot be a witness to prove title in the vendee. *Parker* v. *Hammond,* 13 Vt. 242. *Stimson* v. *Cummings,* 15 Vt. 477.

*Washburn & Marsh* for plaintiff.

1. The deposition of Kidder was properly admitted,—the objection to it having been obviated by the evidence, and by the concession of the defendant as to his indebtedness.

2. The evidence as to the admissions by Hough was properly excluded. *Sargeant* v. *Sargeant et al.,* 18 Vt. 371.

3. A recovery may be had in a suit at law upon a lost note; *Renner* v. *Bank of Columbia,* 9 Wheat. 581, [5 U. S. Cond. R. 691;] *Viles et al.* v. *Moulton,* 11 Vt. 470; *Jones et al.* v. *Fales,* 5

58

Mass. 101; *Page et al.* v. *Page*, 15 Pick. 368; *Chamberlain* v. *Gorham*, 20 Johns. 144; and the recovery may be had upon the count for money had and received; *Edgell* v. *Stamford*, 6 Vt. 560; *McNair* v. *Gilbert*, 3 Wend. 344.

4. The plaintiff was properly allowed to recover, upon proof of the loss of the note, without proof of its destruction. The court will not *presume* the note to have been negotiable, in the absence of proof upon that point, when it appears that the note is lost, or destroyed; *McNair* v. *Gilbert*, 3 Wend. 347; and the charge to the jury was such, as to bring the case fully within the requirements of the case of *Lazell* v. *Lazell*, 12 Vt. 443.

The opinion of the court was delivered by

DAVIS, J. It was conceded, on trial, that Barker was the owner of the note given by the defendant to Hough, and that the suit was commenced and prosecuted by him, for his own benefit, though in the name of the payee. Although the language of the record is not perfectly explicit on this subject, it may reasonably be inferred, that, at the time of bringing the action, and before, the defendant was apprised of the transfer to Kidder, and afterwards by him to Barker. Under such circumstances, although a different rule prevails in England, yet in this state and in most of the American States it is regarded as inequitable and unjust, to permit the defendant to avail himself of any discharge, release, *retraxit*, or admission, by the nominal plaintiff, to defeat the action. It was not competent for Hough to make admissions, after suit brought, to prejudice the rights of the real party in interest. *Sargeant* v. *Sargeant et al.*, 18 Vt. 371. Cow. & Hill's notes to Phil. Ev. 172. 1 Greenl. Ev. §§ 172–3, and note (2.)

Objection was made to the introduction of Francis Kidder's deposition by the plaintiff, upon the ground, that, as he assigned the note to Barker, the latter, on failure to recover of the defendant, might have recourse to the former for the amount. The case does not disclose any contract as indorser, or guarantor,—nothing but a sale and transfer of the property in the note, for a valuable consideration. Assuming that, although no express warranty of any kind was made, yet the law implies, from the very fact of selling and assigning the note upon a consideration received, an undertaking,

that the note was. duly executed by a party legally competent to execute it, upon a proper consideration, and that it was due and unpaid, *( Thrall* v. *Newell,* 19 Vt. 203,) still the case discloses facts, which preclude the possibility of any resulting liability of this kind,—inasmuch as the defendant conceded his original and continued indebtedness by virtue of the note. The deposition was therefore properly admitted by the county court.

It remains to be considered, whether there is any legal obstacle to the plaintiff's recovery, arising from the loss of the note, and whether the instructions, which the county court gave to the jury, contained any error prejudicial to the rights of the defendant.

In delivering the opinion of the court in the case of *Lazell* v. *Lazell,* 12 Vt. 443, being a suit upon a lost note, with a count for the original cause of action, Judge BENNETT observed,—"The law is well settled, that, when a note not negotiable, or, if negotiable by being payable to order, not negotiated, is lost, an action at law may be maintained on the note, on proof of its loss, to recover its contents." Such appears to be the recognized doctrine in England; while it is at the same time held, that, in respect to notes and bills payable to order, and indorsed in blank, or payable to bearer, it is the right of the party liable upon it to insist on its production and delivery as a voucher, at the time of payment; and on suit no recovery can be had at law, without such production. W. W. Story, in his recent valuable treatise upon promissory notes, while he admits the law to be as stated, in respect to non-negotiable paper, assigns reasons of much weight in a practical point of view, why the same rule should be applied to both descriptions of paper. Story on Prom. Notes, § 106. In the case of negotiable notes, no distinction is made, whether the loss happens before or after they fall due. *Hansard* v. *Robinson,* 7 B. & C. 90.

In this state, where, as already appears in the observations I have made respecting the right claimed by the defendant to avail himself of the admissions of the nominal plaintiff, we recognize the possibility of acquiring a legal interest in paper not negotiable, in opposition to the party whose name must be used in enforcing that right, there would seem to be additional reasons for abolishing the distinction. In this very case, so far as appears, the note was neither payable to order, or bearer, and yet Barker, by reason of the blank

indorsement, obtained a legal right to collect and appropriate the contents to his own exclusive use,—not, it is true, by a suit in his own name, but by using the name of Hough for that purpose. To this Hough consented; but the right would have been the same, had there been no consent. Having transferred the note for value, his consent to the use of his name, on proper indemnity against costs, results by implication; and, as a necessary consequence, he is rendered incapable of impairing that right by discharge, release, or other act.

There is here no antagonism of interest between the real and the nominal plaintiff; but in other cases there may be; and it seems to follow from such a possibility, that much the same necessity exists, looking to the security of the maker, for the actual production of the note in one case, as the other. But however this may be, the court do not feel disposed to make any innovation upon the principle generally established, and recognized in the cases of *Viles et al.* v. *Moulton,* 11 Vt. 470, and *Lazell* v. *Lazell,* 12 Vt. 443.

Upon this principle the plaintiff's right to recover is unquestionable, on proof of the execution, delivery and terms of the note, and of its loss merely, without its destruction, unless it were in fact negotiable. If it were so, the case shows it was negotiated; for the indorsement of the name of the payee and its subsequent loss are, with respect to the contingent interest of some *bona fide,* unknown holder, equivalent to a formal negotiation.

Now it is sufficient, upon this point, to say, as the case is presented to us, there is no evidence whatever that the note was made payable to order, or bearer. The circumstance relied upon as conclusive evidence, that it was of that character, that is, the fact of a blank indorsement thereon, was not only not conclusive of the point sought to be proved, but it had no tendency to prove it. Notes not strictly negotiable may be, and often are, upon good reason, indorsed in the same way. The fact that Barker, who possessed a valid claim to it through Kidder, instead of putting it in suit in his own name, and thus avoiding much inconvenience and hazard to himself, sued it in the name of Hough, the payee, furnished much more conclusive evidence, that the note could not be sued in any other form.

The judgment of the county court is therefore affirmed.