AUSTIN V. ADAMS *v.* WILLIAM H. EDMUNDS AND ANOTHER.

### Lost Note.　Demurrer.

The payee of a lost note which is negotiable and payable to him or bearer, *cannot sustain an action at law* to recover the amount. A court of equity alone can give relief.

ASSUMPSIT. Heard on demurrer to the special count in the amended declaration, December Term, 1882, TAFT, J., presiding. Demurrer overruled.

*J. J. Wilson,* for the defendants, cited 12 Vt. 443; 20 Vt. 455; 52 Vt. 374; 1 Aik. 304; 14 E. C. L. 90; 3 E. C. L. 64; Chitty Bills, 66, 265, n.

*Lamb & Tarbell,* for the plaintiff, cited 41 Vt. 24; 14 Vt. 387; 20 Vt. 455; 12 Vt. 443; 1 Swift Dig. 437; 3 Kent Com. 78; 8 Conn. 431.

Adams v. Edmunds.

The opinion of the court was delivered by

POWERS, J. The plaintiff in his special count, which is demurred to, declares upon a lost note payable to him or bearer. He alleges that he lost the note in question and that it cannot be found, but does not allege that the note is destroyed.

It is the settled law in England and in this State that no recovery can be had upon such a note at law. A court of equity alone can give relief upon an indemnity being given to the maker. A note payable to bearer imparts a legal liability of the maker to pay any holder who may present it, and if lost it may come to the hands of a *bona-fide* holder for value before maturity and thus be enforceable even though it had been paid to the true owner.

This rule of law doubtless springs from the custom of merchants which requires the surrender of the note, on payment, to the maker that he may have a voucher showing payment. Without such voucher the maker is exposed to the hazard of litigation with an unknown holder.

A different rule prevails in some of our sister States, but this court has uniformly followed the English rule, which is thoroughly discussed in *Hansard* v. *Robinson*, 7 B. & C. 90 ; *Wright* v. *Jacobs*, 1 Aik. 304 ; *Lazell* v. *Lazell*, 12 Vt. 443 ; *Hough* v. *Barton*, 20 Vt. 455. The case of *Hopkins* v. *Adams*, 20 Vt. 407, is not in conflict with this rule. That was a bill in chancery to obtain relief upon a lost note, *not in fact negotiated,* and the question was whether respecting *such* a note, the bill should contain an offer of indemnity, and it was held that it need not.

REDFIELD, J., delivering the opinion says that, *if properly negotiated,* the remedy is in equity and an indemnity would be required ; that no recovery could be had at law.

This case merely settles the question respecting the giving of an indemnity, and proceeds upon the theory that lost notes *payable to bearer*, or notes negotiable in form and endorsed in fact, being valid in the hands of the holder, are enforceable alone in equity, and enforceable then only on giving indemnity against the title of the unknown holder.

The judgment is reversed, the special count adjudged insufficient, and the case remanded.