Clark *v.* Snow.

# JOHN W. CLARK *v.* H. J. SNOW.

## *Lost Note. Bills and Notes.*

The payee of an overdue negotiable note, payable to *order*, but not negotiated, can recover in an action at law, the amount of the note, although it is lost, and it is not shown to have been destroyed.

GENERAL ASSUMPSIT. Heard on a referee's report, September Term, 1886, Washington County, POWERS, J., presiding. Judgment on the report for the plaintiff. The case is stated in the opinion.

*Pitkin & Huse*, for the plaintiff.

. In this State it is well settled that an action at law may be maintained on a lost promissory note, not negotiable or payable to order, but not negotiated. *Lazell* v. *Lazell*, 12 Vt. 443; *Hopkins* v. *Adams*, 20 Vt. 407; *Hough* v. *Burton*, 20 Vt. 455.

*Adams* v. *Edmunds*, 55 Vt. 352, is not in conflict with this principle but recognizes it.

*John G. Wing*, for the defendant.

Section 2005, R. L., does not apply, as this suit is against the original maker; and the parties stand on their common-law rights. There is a great difference between this case and those where the note has been destroyed. Where it has not been destroyed, he may be compelled to pay the note a second time. *Adams* v. *Edmunds*, 55 Vt. 352.

Suits to recover upon lost notes, which are negotiable, must

be brought in courts of equity, which alone can require the plaintiff to secure the defendant by giving an indemnity. *Hansard* v. *Robinson*, 7 B. & C. 90; *Wain* v. *Bailey*, 10 Ad. & El. 616; *Price* v. *Price*, 16 M. & W. 231; *Pierson* v. *Hutchinson*, 2 Camp. 211; *Davis* v. *Dodd*, 4 Taunt. 602; *Crowe* v. *Clay*, 9 Ex. 603; 1 K. & J. 701; *Moses* v. *Trice*, 21 Gratt. 556; *Ex Parte Greenway*, 6 Ves. 862; *Bank of Va.* v. *Ward*, 6 Munf. 166; *Farmers Bank of Va.* v. *Reynolds*, 4 Rand. 186; 2 Daniels on Negotiable Instruments, s. 1475; *Adams* v. *Edmunds*, 55 Vt. 352.

The criterion of jurisdiction is not whether the note has been negotiated, but whether it is negotiable. 1 Pars. Cont. 324; 3 Add. Cont. s. 1282.

The opinion of the court was delivered by

ROYCE, CH. J. The referee finds, among other facts, that the note on which plaintiff claims to recover in this action was lost, that it had never been negotiated, and that it has never been paid. The note was payable to the order of J. W. Clark, was lost soon after its execution, and a copy of it was made and was proved before the referee. The note was not shown to have been destroyed.

The only question that arises for our consideration is, whether the plaintiff's remedy is at law, or whether he must go to equity.

It is said that "the *mere* loss of an instrument will not be sufficient to give equity jurisdiction, but the party must show that he has no remedy or no sufficient remedy at law." The loss " must obstruct the right of the plaintiff at law, or leave him exposed to undue peril in the future assertion of such rights." Bispham's Principles of Equity, s. 177. The main object of the equitable jurisdiction seems to be that a recovery may be had and at the same time the defendant may be indemnified against any possible liability growing out of the subsequent discovery of the lost instrument. Id.

We have already held that an action at law may be main-

tained and is the proper action on a lost note not negotiable or not negotiated. *Lazell* v. *Lazell*, 12 Vt. 443; *Hopkins* v. *Adams*, 20 Vt. 407; *Hough* v. *Barton*, id. 455.

In *Lazell* v. *Lazell*, *supra*, it was decided that to defeat an action at law on a note, the defendant must show affirmatively that the note was negotiable and had been actually negotiated, or that it was payable to bearer so as to pass by delivery. In *Hopkins* v. *Adams*, *supra*, the grounds of the equitable jurisdiction were exhaustively considered by Judge REDFIELD in the opinion, where he says that in the case of promissory notes " not *negotiable*, or not *negotiated*, where the loser may sue at law, the principal ground of the jurisdiction must be the necessity of discovery and the accident by which that which the parties have constituted their contract has become incapable of performing its destined office."

It remains only to consider whether the recent decision in *Adams* v. *Edmunds*, 55 Vt. 352, is in conflict with the principle announced in the former decisions and ought to govern this case. The note there was payable to bearer, and a note so payable, as remarked in *Lazell* v. *Lazell*, passes by delivery. The consequence is that any finder might demand payment, and against such liability to an unknown finder the maker should be indemnified. But the maker is subjected to no such risk in the case of a lost note payable to order and not negotiated; for if ever found, it can not be negotiated by any one; not by the payee, for he has been paid, nor by a third party, for that would presuppose the commission of a forgery, which the law will not presume.

Another consideration to be borne in mind in this connection is that the note in suit, being on demand and the statutory period of sixty days (R. L. sec. 2013) having long since expired, is overdue, and any one into whose hands it might come, by finding or otherwise, would hold it subject to all the infirmities of such paper. He would take only the rights of his assignor and could not be a *bona fide* purchaser.

We can not see how the defendant will be subjected to any

risk by the payment of this note, and so do not consider him entitled to indemnity; and as no other objection is urged to the law jurisdiction, we must hold that the action is well brought.

No question was made as to the plaintiff's right to recover on the item of book account proved before the referee.

So that the judgment of the County Court for plaintiff to recover both items named in the report with interest on the same and costs is affirmed.