ALBANY,
Jan. 1813.

PINTARD
v.
TACKINGTON.

In pleading in a justice's court, technical nicety or form, is not required. It is sufficient, if the plaintiff states his case so that, connected with the proofs, it appears that he is entitled to recover.

Where a plaintiff declared on a promissory note, payable on demand, and stated that the note had been lost or destroyed, and the existence and contents of the note being proved, and it not appearing that the note was negotiable, or if negotiable, that it had, in fact, been negotiated, it was held that he was entitled to recover on the note.

PINTARD *against* TACKINGTON.

IN ERROR, on *certiorari*, from the justices' court of the city of *New-York*. *Tackington* brought an action in the court below, against *Pintard*, and declared for money had and received by the defendant to the use of the plaintiff; and also that the defendant, in *May*, 1811, being indebted to him, for work and labour, to the amount of 62 dollars, gave his note to the plaintiff, for that amount, payable on demand; that the plaintiff put the note in his chest on board of the vessel of the defendant, and that the defendant sailed out of the port, with the plaintiff's chest on board, containing his clothes and the note, leaving the plaintiff behind.

A witness for the plaintiff testified, that after the return of the defendant to *New-York*, in the vessel, which was about 3 months after the trunk was put on board, he applied, as attorney of the plaintiff, for the note, to the defendant, who said he did not know where it was, but supposed it was in the plaintiff's chest, in the fore part of the vessel, but that he could not then get at the chest, and that the witness must call again; that he called again, and on opening and examining the chest, the note could not be found. The defendant admitted that he had given such a note to the plaintiff. Another witness testified, that she saw the plaintiff, who was a sailor, put the note into the chest, which was put on board of the defendant's vessel.

The court below, being of opinion that there was sufficient evidence of the loss of the note, and of the existence of a debt due from the defendant to the plaintiff, for which the note was given, gave judgment for 50 dollars, being the extent of their jurisdiction.

*Anthon*, for the plaintiff in error.

*Sherman*, contra.

*Per Curiam.* The declaration of the plaintiff below, consisting of a detail of his case, is to be liberally construed, so as, if possible, to meet and embrace the proof. We have never required any technical nicety or form in pleadings, in the justices' courts, because the pleadings are usually by parol, and managed by the

parties, without the aid of counsel. The plaintiff, therefore, declared for money had and received, and upon a lost note, which he particularly described, and as having been given for work and labour. If, therefore, the testimony will entitle him to recover, either upon the note, by proving its existence, loss and contents, or upon the original debt, for work and labour, the judgment ought to be supported. We see no reason why the recovery upon the note, as a lost note, was not good. It does not appear that the note was negotiable, or, if negotiable, that it had ever been endorsed, and the existence and contents of the note were fully proved, and the circumstances were enough to authorize a conclusion that it had been lost or destroyed. The cases which have not permitted a recovery at law, upon negotiable paper which was merely lost and not destroyed, were those in which the paper had been endorsed before it was lost. (*Pierson* v. *Hutchinson*, 2 *Campb. N. P.* 211. and note ; and the cases cited by Lord *Eldon* in 6 *Ves.* 812.) The court below went, perhaps, upon the ground of the existence of the previous debt ; and that the recovery upon that was to be supported, notwithstanding the giving of the note. The better opinion on this point seems to be, that the acceptance of negotiable paper, on account of a prior debt, is *prima facie* evidence of satisfaction, and that you cannot recover upon the old debt without some explanation, or giving some account of the note. (*Kearslake* v. *Morgan*, 5 *Term Rep.* 513. *Richardson* v. *Rikeman*, cited in 5 *Term Rep.* 517. *Holmes and Drake* v. *Camp*, 1 *Johns. Rep.* 34.) But this was not shown to be negotiable paper, and if that was the intendment, in the first instance, as seems to have been the conclusion of the court in *Angel* v. *Felton;* (8 *Johns. Rep.* 149.) yet the plaintiff below gave as sufficient an account as the nature of the case, and the condition of the parties, would well admit, of the loss of the note, without its being negotiated and endorsed. On either ground, therefore, we think the judgment ought to be supported.

<div style="text-align: right">

</div>

<div style="text-align: right">

Judgment affirmed.