THE NEW ALBANY, LANESVILLE, AND CORYDON PLANK-ROAD
COMPANY v. SMITH.

CORPORATE BONDS—NEGOTIABILITY.—Bonds issued under section 22 of the plank-road act, (1 G. & H. 479,) made payable to bearer, are negotiable.

APPEAL from the *Floyd* Common Pleas.

RAY, CH. J.—This was an action brought by *Smith* against the *New Albany, Lanesville, and Corydon Plank-road Company,* upon certain bonds issued by her, payable to *William S. Culberton,* trustee, or bearer, at the office of said company in *New Albany,* and secured by mortgage. The company answered by general denial, and by special pleas. To the third, fourth, and fifth pleas demurrers were filed and sustained, to which rulings the defendant excepted, and assigns the same. in this court as error. The third and fourth paragraphs answer, as to one-half of the amount of each bond, that, as to so much, the same was given in consideration of the surrender by the stockholder, to whom it was originally issued, of the stock of said company, and therefore to that extent the bonds were illegal. The fifth paragraph is a plea of want of consideration. It is not averred in either of the paragraphs of the answer that the plaintiff had notice of any illegality or want of consideration in the original sale of the bonds by the company. They were issued under section 22 of the plank-road act, (1 G. & H. 479.) This section

plainly authorized the company to issue its bonds; and, as these bonds are in the usual form, no question can be raised under the statute except as to their negotiability, and that question has been already settled by judicial decision in this state. In the case of *The Junction Railroad Company* v. *Cleneay*, 13 Ind. 161, it was said of such paper: "In this case, the bonds of the railroad company, according to some of the cases, were not governed exactly by the law-merchant. Redfield on Railways, 595. But still they were instruments, sometimes called public securities, of a peculiar character, which passed by delivery, as do bank notes, so as to vest a complete title at least in the *bona fide* purchaser. They are entitled to all the privileges of commercial paper." In the case of the *Board of Commissioners of Bartholomew County* v. *Bright*, 18 Ind. 93, it was expressly held that bonds of this description were to be regarded as commercial paper, "independent of and in the absence of any special statute" on the subject of their negotiability. The rule thus established in this state is well supported by authority. Mr. Justice *Grier*, in delivering the opinion of the Supreme Court of the *United States*, in the case of *Mercer County* v. *Hacket*, (1 Wallace, 95,) uses this language: "When a corporation covenants to pay to bearer, and gives a bond with negotiable qualities, and by this means obtains funds for the accomplishment of the useful enterprises of the day, it can not be allowed to evade the payment by parading some obsolete judicial decision, that a bond, for some technical reason, can not be made payable to bearer. That these securities are treated as negotiable by the commercial usages of the whole civilized world, and have received the sanctions of judicial recognition, not only in this court, but of nearly every state in the *Union*, is well known and admitted." This ruling, which had been previously adopted by that court in *White* v. *Vermont Railroad Company*, 21 How. Rep. 575; *Commissioners of Knox County* v. *Aspinwall*, 21 How. Rep. 539; *Zabriskie* v. *Cleveland, Columbus, and Cincinnati*

NOVEMBER TERM, 1864.        355

The New Albany, Lanesville, and Corydon Plank-road Co. v. Smith.

*Railroad Company et al.*, 23 How. Rep. 381; and *Woods* v. *Lawrence County*, 1 Black, 386, has since been followed in the cases of *Gelpeke* v. *City of Dubuque*, 1 Wallace, 175; *Meyer* v. *City of Muscatine*, *Id.* 384; and *Van Hostrup* v. *City of Madison*, *Id.* 291. The same construction has been given to such bonds by the Supreme Courts of at least fifteen states of the *Union*, and is well established in *England*.

The rule is controverted, however, by the Supreme Court of *Pennsylvania*, in the case of *Diamond* v. *Lawrence County*, 37 Penn. St. Rep. 353; and this language occurs in the opinion: " We will not treat these bonds as negotiable securities. On this ground we stand alone. All the courts, *American* and *English*, are against us. Be it so. We are not insensible to the importance of this fact, nor are we wanting in deference to the learning and wisdom of the judges who differ from us. But we are a *Pennsylvania* tribunal, setting in judgment on an occasional and extraordinary security for money created under *Pennsylvania* statutes. We know the history of these municipal and county bonds; how the legislature, yielding to popular excitement about railroads, authorized their issue; how grand jurors and county commissioners and city officers were molded to the purposes of speculators; how recklessly railroad officers abused the overwrought confidence of the public, and what burdens of debt and taxation have resulted to the people. A moneyed security was thrown upon the market by the paroxysm of the public mind, and the question is now, How shall the judicial mind regard it?"

The court seem to have regarded the circulation of corporation bonds, payable to bearer, as a mere temporary matter, to be dealt with as such, and that, when all other branches of the state government had yielded to the popular impulse, it was the duty of the court to adopt a construction peculiar to the wants of that state. It is a *Pennsylvania* decision, made, as it implies, for the peculiar

circumstances then existing in that state. While the reports of that court merit and receive respect, the authority of the decision cited will not perhaps extend far beyond the territory where the reason of the rule can be appreciated. We can not adopt it in this state, but will follow the *English* and *American* authority, and treat the bonds in question as negotiable paper, whose transfer is protected by the law-merchant.

The demurrers were correctly sustained, and the judgment is affirmed, with five per cent. damages.

*W. A. Porter*, for appellant.

*R. & H. Crawford*, for appellee.