## JOHN SMILIE v. SIMON STEVENS.

*Promissory Note. Contingency. Negotiability.*

A contingency depending on an event which necessarily must happen, or a contingency as to time of payment depending on an act to be done by the holder in reference to the instrument itself, to hasten or fix the time of payment, does not destroy the negotiability of a note or bill of exchange.

The plaintiff held a writing as indorsee in words as follows: "New York, Aug. 17th, 1865. I certify that James Smilie, Jr., has deposited with me five hundred dollars, payable to his order on demand with interest from February 15th, 1864, on the return of this certificate and my guarantee of his note to his brother John Smilie, dated February 15th, 1864, for the sum of five hundred dollars. SIMON STEVENS." *Held,* that the negotiable character of this instrument is not affected by the fact that it was made payable "on the return of this certificate."

But the provision for a return of the maker's guarantee of the payee's note for $500. to his brother John Smilie, is a condition that destroys its negotiability, therefore the plaintiff cannot recover in his own name.

If the plaintiff could show a special promise by the defendant to pay to him as assignee or indorsee, and show the condition performed, he might recover, if the declaration contained such an allegation.

*Assumpsit,* to recover on the instrument set forth in the *syllabus* above. The first count of the declaration set forth the instrument and averred that it had been duly assigned, and ordered to the plaintiff in words and figures as follows: "Pay to John Smilie or order," signed "James Smilie," dated September 1st, 1865. And the plaintiff averred that he had demanded the same of the defendant and offered to return the said guarantee of the notes, but the defendant refused and neglected to pay the same. To this count the defendant demurred specially. The case was heard upon the demurrer at the June Term, 1866, STEELE J., presiding, and the court rendered judgment that said count was insufficient,—to which the plaintiff excepted.

—— *Barker,* for the plaintiff, cited to show that the instrument was negotiable, Parsons on Notes and Bills, vol. 1, p. 26; *Miller* v. *Austin,* 13 How. 218; *Laughlin* v. *Marshall,* 19 Ill. 390; *Corey* v. *McDougal,* 7 Ga. 84; *Kilgore* v. *Bulkley,* 14 Conn. 362; *Bank of*

*Orleans* v. *Merrill,* 2 Hill, 295; *Welton* v. *Adams,* 4 Cal. 37; *Johnson* v. *Barney,* 1 Iowa, 531; *Stevens* v. *Blunt,* 7 Mass. 240.

The defendant knew the plaintiff held the certificate, and expected to pay the amount to him, which fact we think makes him liable even if the writing is not negotiable. See *Moar* v. *Wright,* 1 Vt. 57; *Bucklin* v. *Ward,* 7 Vt. 195; *Hodges* v. *Eastman,* 12 Vt. 358; and he is liable though no express promise is shown, 36 Vt. 46.

*B. N. Davis,* for the defendant.

I. No privity of contract is alleged between the plaintiff and defendant, and it does not appear the defendant promised to pay the certificate to the plaintiff.

In negotiable paper the endorsement to the plaintiff raises an implied promise on the part of the defendant to pay, but the promise must be alleged or the declaration is bad on special demurrer.

II. The instrument declared on is not a negotiable note or bill, so as to enable the assignee to sue in his own name without a special promise, and then the assignee must count on the promise and not by force of the assignment. See Story on Promissory Notes, p. 23, § 22 and the numerous authorities there cited; Chit. on Bills, 54, and authorities there cited. It is certain, unless the guarantee was returned, the certificate would not be payable by the defendant. *Collins* v. *Lincoln,* 11 Vt. 268; *Walbridge* v. *Harroon,* 18 Vt. 448; *Alexander* v. *Thomas,* 2 Law & Eq. R. 286; See note 1, same case; 1 Parsons on Con. 209–10.

The opinion of the court was delivered by

PECK, J. The principal question made in this case is, whether the instrument set forth in words and figures in the declaration is a negotiable instrument, so as to enable the plaintiff to maintain an action upon it in his own name as endorser. It appears from the instrument that the consideration moved from James Smilie, Jr., to the defendant, by the deposit with the latter by the former, of $500., and is in terms "*payable to his (James Smilie, Jr.,) order on demand with interest from February 15th, 1864, on the return of this certificate and my guarantee of his note to his brother John Smilie, dated Febru-*

*ary* 15*th*, 1864, *for the sum of five hundred dollars ;*" and is signed by the defendant.

It is a general principle of the common law that a chose in action is not assignable, even if in terms made payable to bearer or to the order of the promisee ; but by the law merchant it is otherwise in case of promissory notes and bills of exchange in terms made payable to bearer or to the order of the payee. The question is whether this instrument is a promissory note within the meaning of the law merchant, as applicable to this question. The general rule on this subject is, that a promissory note or bill of exchange must be payable absolutely and not depend on a contingency, in order to come within the definition of a bill or promissory note so as to be negotiable. If the contingency depends on an event which necessarily must happen, so that the only contingency or uncertainty is as to time, it does not destroy the negotiability of the instrument. So too if the contingency, as to the time of payment, depends on an act to be done by the holder in reference to the instrument itself to hasten or fix the time of payment, as if a bill or note is made payable a given number of days after presentment and demand of payment, such contingency does not destroy its negotiability ; as in such case the instrument imports an absolute indebtedness. The fact that the instrument in question is made payable " *on the return of this certificate,*" is not such a contingency as affects its negotiable character. It is an act to be done with the instrument itself cotemporaneous with the payment, and is no more than would be the implied duty of the holder of a negotiable note or bill in the absence of such stipulation ; as it is the duty of the holder to deliver up a negotiable promissory note or bill on the payment of it by the maker, as a voucher for his security, or show a sufficient excuse for not doing so.

There is another contingency of a different character ; the return of the maker's guarantee of the payee's note for $500. to his brother John Smilie. This contingency is collateral to the instrument in question, and depends on an act to be done by the payee, and on the performance of which the liability of the defendant depends. By the terms of this instrument the payee could have no remedy upon it till he had performed the condition, either literally or at least in some

mode that would release the defendant from his liability on that guarantee. This the payee might never do, and the defendant might be compelled to pay the $500. note he thus guaranteed; which payment would extinguish his liability on the paper in question. This is not a mere contingency as to the time of payment, it is a condition to be performed by the payee, and only on the substantial performance of which can any liability of the defendant, upon this instrument, arise. It is by the terms of the contract in question contingent, whether the defendant would ever become liable upon it.

The authorities are numerous to show that an instrument having all the other requisites of a promissory note, is not with such a condition, or subject to such a contingency, negotiable. If the plaintiff could show a special promise by the defendant to pay to him as assignee or endorsee, and show the condition performed, he might recover; but the declaration contains no such allegation. The declaration is insufficient for the reasons stated, and the other objections to it, need not be noticed.

The plaintiff has leave to amend under the general rule as to costs, and therefore the judgment of the county court is reversed, *pro forma*, and case remanded.