65   263,
140   37

# THE TOWN OF BIG GROVE

*v.*

# GEORGE WELLS.

1. MUNICIPAL SUBSCRIPTION—*bonds and coupons issued to different company than that named in call for election, void.* In a suit upon coupons attached to bonds payable to the "Illinois Grand Trunk Railway Company," and indorsed by the company to the plaintiff, it was shown that the bonds and coupons were issued by the township authorities under a vote of the township at an election in which the call and notice of the election referred to the taking of stock in, and the issue of bonds to "the Eastern Division of the Illinois Grand Trunk Railway," formerly known as the Joliet and Mendota Division of the Joliet and Terre Haute Railroad: *Held*, that under the vote the township officers had no authority whatever to issue the bonds and coupons, and that they were consequently void.

2. If the Illinois Grand Trunk Railway Company and the Eastern Division of the Illinois Grand Trunk Railway were the same company,

264      TOWN OF BIG GROVE *v.* WELLS.     [Sept. T.,

Opinion of the Court.

or the one had been merged into the other, it was necessary to have shown that fact to authorize a recovery on the coupons.

3. The vote of a subscription and the issue of corporate bonds to a particular and short division of a railroad, will not confer any authority to issue bonds in aid of the construction of the entire line of the road, and payable to the company representing the whole of the proposed road.

WRIT OF ERROR to the Circuit Court of La Salle county; the Hon. EDWIN S. LELAND, Judge, presiding.

This was an action of assumpsit, brought by the appellee, against the appellant, in the circuit court of Kendall county, upon certain coupons attached to the bonds of the town payable to the "Illinois Grand Trunk Railway Company," and by it indorsed to the appellee. The venue of the cause was changed to La Salle county, where a trial was had resulting in a verdict and judgment in favor of the appellee. The material facts upon which the case was decided are stated in the opinion.

Mr. B. C. COOK, for the plaintiff in error.

Messrs. BUSHNELL & BULL, and Mr. GEO. S. ELDRIDGE, for the defendant in error.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The coupons in suit are payable to the "Illinois Grand Trunk Railway." The petition for the election, the notice given, and all the proceedings, prior to the issue of the bonds, refer to the taking of stock in, and the issue of bonds to, "the Eastern Division of the Illinois Grand Trunk Railway." The petition further characterizes the road as "having formerly been known as the Joliet and Mendota Division of the Joliet and Terre Haute Railroad," and the notice of the election speaks of it as "formerly known as the Joliet and Mendota Railway."

We only know of the existence of any corporation known as the "Illinois Grand Trunk Railway," from a concession

on the trial, that the portion east of Mendota was called the Eastern Division, and that west of it was called the Western Division of the "Illinois Grand Trunk Railway." We know nothing as to its location or *termini*, or its identity with the road in regard to which the election was called.

The name of the corporation in the bond is entirely different from the name of the corporation in the petition and notice, and no proof has been submitted that they are the same, or that the one has been merged in the other. When the discrepancy was shown to exist, it was incumbent on the plaintiff below to prove the identity of the two corporations. When the coupons had been introduced, and then the petition and notice of the election were presented, and there was no further proof, the conclusion was inevitable that the authorities of the town had exceeded their power.

They were limited to the terms of the notice calling the election. That indicated the corporation in favor of issuing bonds to which, the people consented by the vote. The bonds were then issued in favor of one corporation, and the vote was given in favor of another.

One was called "the Eastern Division of the Illinois Grand Trunk Railway, formerly known as the Joliet and Mendota Railway." The other was called "the Illinois Grand Trunk Railway." How is it possible that there can be no variance, and that they are substantially the same? Were they the same in length, capacity, liability and expense of construction and operation? If so the proof does not show it. They certainly were not the same in name. One was the whole, the other a part.

The fair construction of the language in the notice would restrict the subscription to a road formerly known as the "Joliet and Mendota Railway." These words must have been inserted for a purpose. They indicated to the voters the road in aid of which they were called upon to vote. The proof wholly fails to disclose whether the road known as the Joliet and Mendota Railway, or whether the "Eastern Division"

266          TOWN OF BIG GROVE *v.* WELLS.          [Sept. T.,

Opinion of the Court.

are more or less in length than the road operated by the payee corporation.

The concession upon the trial does not aid the difficulty. The question is, what was the necessary understanding of the voters from the language of the notice, and not what might have been the fact independent of the notice. It does not indicate a western division except by inference. The attention of the voters was called to a known line of road, one with which they had probably been familiar. The designation was so specific as to direct the voters particularly to the "Eastern Division," and not to the entire line; and so far as the record shows, the people may not have known, at the time of the vote, of any other road than the "Joliet and Mendota Railway."

There was full power granted to vote a subscription, but we can not say that a subscription has ever been voted to the corporation to which the coupons are payable. The people might never have voted as they did if the name of the corporation claiming the bonds had been inserted in the petition and notice, and the result might have been altogether different.

It would be a dangerous precedent to sanction the validity of the bonds. The people might then be easily entrapped to aid an enterprise which was not dreamed of at the time of election. An unfair advantage might readily be taken by calling the attention of the voters to a particular and short division of a road, as was done in this case, and then claim the bonds for the construction of an extensive line in which they might never have embarked, and which might not be of the same local benefit. The majority of the court think the judgment should be reversed and cause remanded.

*Judgment reversed.*