The City of Bloomington v. Smith et al.

Judgment affirmed.

Filed March 21, 1890.

No. 14,038.

123   41
145   436

THE CITY OF BLOOMINGTON v. SMITH ET AL.

MUNICIPAL CORPORATION.—*Bonds of.*—*Recovery Upon When Lost.*—*Indemnification of City.*—In a suit brought against a municipality upon certain of its bonds, the plaintiff is entitled to recover where the complaint avers that the bonds were lost before maturity, and while they were held and owned by the plaintiff, and the offer is made to indemnify the city against loss on account of the inability of the plaintiff to present, or return the bonds for cancellation, and an approved bond is brought into court for the indemnity of the city.

SAME.—*Municipal Bonds.*—*Governed by Law Merchant.*—Municipal bonds, drawn payable to bearer, are negotiable as inland bills of exchange, and are, therefore, only payable after they are due, upon presentation at the office of the city treasurer, or at the place where they are made payable. They are governed by the law merchant.

BILL OF EXCHANGE.—*Payment of.*—*Agreement of Acceptor, or Payor, as to.*—*Power of Court of Equity Concerning.*—The agreement of an acceptor, or payor, of a bill of exchange is, that upon a date fixed he will pay upon presentment of the identical bill. He has the right to insist upon the condition, but a court of equity has the power to compel payment upon suitable indemnity being offered.

CONTRACT.—*Unforeseen Accident.*—*Equitable Relief Against.*—Where an accident occurs, which was not anticipated and provided for when the contract was made, and which leaves one of the parties remediless in a

court of law, the jurisdiction of a court of equity may then be invoked to give relief against the accident.

From the Monroe Circuit Court.

*J. B. Mulky, R. W. Miers* and *E. Corr,* for appellant.

*J. H. Louden* and *W. P. Rogers,* for appellees.

MITCHELL, C. J.—The city of Bloomington, on the 1st day of January, 1881, issued bonds to the amount of $32,000 for the purpose of funding the indebtedness of the city. Three of the bonds thus issued, of the denomination of one hundred dollars each, were delivered and made payable to Isabella Smith, or bearer. It is averred in the complaint that while the bonds were held and owned by Mrs. Smith they were lost, and that after they became due and payable she demanded payment of the amount due, and offered to indemnify the city against loss on account of her inability to present or return the bonds for cancellation, but that the city refused to accept any indemnity, or to pay the bonds. The death of Mrs. Smith is averred, and the complaint contains such other averments as entitle the plaintiffs to sue as her heirs. They brought into court an approved bond for the indemnity of the city, and asked and obtained judgment for the amount of the bonds and interest.

The position of the city is that municipal bonds, drawn payable to bearer, are negotiable as inland bills of exchange, and are therefore only payable after they are due upon presentation at the office of the city treasurer, or at the place where they are made payable.

For the purposes of this case it may be conceded that the proposition above stated is correct, and that the bonds in question were governed by the law merchant. *Board, etc., v. Bright,* 18 Ind. 93; *New Albany, etc., Co. v. Smith,* 23 Ind. 353; *Gardner v. Haney,* 86 Ind. 17.

It is an old and familiar rule that although the holder of a bill payable to bearer could not recover in a court of law without showing the presentation of the identical paper, a

court of chancery, upon proof that the bill had been lost or stolen, would order it paid upon equitable terms. Thus it is said by a learned author: "A court of equity, however, may, where the bill is asserted to be lost, give relief to the holder; but then it is always upon the terms that he shows satisfactory proofs to establish the loss, and gives good security for the repayment of the money, if the acceptor shall be compelled to pay the same again to another holder." Story Bills of Exchange, sections 447, 448. *Depew* v. *Wheelan*, 6 Blackf. 485. The rule which requires indemnity is not applicable in case the loss occurs after maturity. *Elliott* v. *Woodward*, 18 Ind. 183; *National State Bank* v. *Ringel*, 51 Ind. 393; *Gregg* v. *Union County, etc., Bank*, 87 Ind. 238.

The agreement of an acceptor or payor of a bill of exchange is, that upon a date fixed he will pay, upon presentment of the identical bill. He has the right to insist upon the condition, but the power of a court of equity to compel payment upon suitable indemnity is thoroughly established. *Savannah Nat'l Bank* v. *Haskins*, 101 Mass. 370.

When an accident occurs which was not anticipated and provided for when the contract was made, and which leaves one of the parties remediless in a court of law, the jurisdiction of a court of equity may then be invoked to give relief against the accident. Daniel Neg. Instr., sections 1477, 1478; Randolph Com. Paper, section 1696; *Adams* v. *Edmunds*, 55 Vt. 352.

It would be against conscience that the maker should escape payment of an honest debt, notwithstanding satisfactory proof that the bill had been lost or stolen, and hence could not be presented, and notwithstanding the holder had tendered adequate indemnity. *Fales* v. *Russell*, 16 Pick. 315; *Thayer* v. *King*, 15 Ohio, 242; *Smith* v. *Rockwell*, 2 Hill, 482; *Snyder* v. *Wolfley*, 8 S. & R. 326.

There was no error.

The judgment is affirmed, with costs.

Filed March 21, 1890.